## GWALTNEY ET AL. v. STATE, USE OF MINCEY.

[71 South. 805.]

MALICIOUS PROSECUTION. *Want of probable cause.*

> In a suit for malicious prosecution against a town marshal, where the evidence clearly showed that defendant was an officer of the law and charged with the enforcement of the law; that complaint had been made to him by a responsible citizen that a screen door had been recently stolen; that a door in plaintiff's possession was identified as the door stolen and defendant had been informed that just after the door was missing the plaintiff had been seen walking down the street from the direction of the place where the door was stolen with a door of the same description that he carried to his own shop. In such case a peremptory instruction should have been given for the defendant.

APPEAL from the circuit court of Marshall county.
HON. H. K. MAHON, Judge.

Proceeding by state of Mississippi for use of R. P. Mincey against C. J. Gwaltney and others. From a judgment for plaintiff, defendants appeal.

The facts are fully stated in the opinion of the court.

*L. G. Fant* and *S. C. Mims, Jr.,* for appellant.

*W. J. Lamb,* for appellee.

POTTER, J., delivered the opinion of the court.

This was a suit brought on the official bond of C. J. Gwaltney, town marshal of the town of Byhalia in Marshall county. The suit was brought in the name of the state for the benefit of R. P. Mincey, and the declaration charged the defendant Gwaltney with false imprisonment and malicious prosecution. A peremptory instruction was granted the defendant as to the count of the declaration charging false imprisonment, but the jury returned a verdict on the second count, that charg-

ing malicious prosecution in the sum of three hundred and seventy-five dollars, and from a judgment for this amount the defendants appeal to this court.

The record in this case shows that the plaintiff in this case was conducting a barber shop on the 16th day of April, 1914, in the town of Byhalia, and that the appellant Gwaltney was, at that time, serving the said town as marshal. At the same time N. M. Bowen (also one of the defendants in this case, as a bondsman of Gwaltney), notified Gwaltney that some one had stolen his. (Bowen's) screen door, and that he wanted Gwaltney to look for it. The uncontradicted proof shows that a screen door was found by Gwaltney in appellee's possession, which Bowen identified as the door stolen from him, and also that, just after the complaint was made, and after the door was missed, two persons, Lyles and Hill, witnesses in this case, informed the appellant that Mincey had passed down the street a short while before the screen door in question was missed from the direction of Bowen's Drug Store, and went towards his shop (appellee's) with a screen door.

No peremptory instruction seems to have been requested by the defendant on the second count in the declaration. Had such instruction been asked, it should have been granted. A motion for a new trial was made, however, and should have been sustained. The testimony clearly shows that under the circumstances Gwaltney had reasonable cause to institute the prosecution complained of in this suit. He was an officer of the law, and charged with the enforcement of the law. Complaint had been made to him by a responsible citizen that a screen door had been recently stolen. A door in defendant's possession was identified as the door stolen, and he had been informed that just after the door was missed the appellee had been seen walking down the street from the direction of the place where the door was stolen with a door of the same description that he carried to his own shop. We do not think there is anything

in the record to show that the defendant was doing any-thing more or less than what he conceived to be his duty, and his conduct was in keeping with a proper discharge of his duty exercised in a reasonable way.

*Reversed and remanded.*